## SIMMONS CO. v. M. DIAMOND MATTRESS CO., Inc.

### No. 445.

District Court, D. Rhode Island.
April 16, 1934.

Cyril A. Soans (of Fisher, Clapp, Soans & Pond), of Chicago, Ill., and Roger T. Clapp (of Hinckley, Allen, Tillinghast & Wheeler), of Providence, R. I., for plaintiff.

Perley H. Plant, of Providence, R. I., for defendant.

LETTS, District Judge.

### Findings of Fact.

Plaintiff, Simmons Company, a Delaware corporation, since the year 1925 has invested large sums of money in manufacturing and advertising an inner spring construction mattress under the name "Beautyrest," which it applied to the labels on the mattresses, together with the price markings of $39.50 and $33.75, as indicating the price at which the said Beautyrest mattresses were intended to be sold by the retail trade. Large sums of money were spent in advertising said Beautyrest mattresses in national periodicals, including local journals throughout the state of Rhode Island and New England, so that in February, 1932, the name "Beautyrest" had become intimately associated with the plaintiff and had become well known to the buying public as indicating a mattress put out by

the plaintiff at a retail price of $39.50 or $33.75 in line with said label price marking.

About February, 1932, the defendant commenced to manufacture and put out for sale, in the state of Rhode Island and elsewhere in New England, mattresses bearing a label having the marking "Beauty Sleep" and also bearing the price marking $39.50. The name of the defendant as manufacturer did not appear on said label. After the plaintiff had reduced its advertised price for the Beautyrest mattresses from $39.50 to $33.75, the defendant also changed the price marking of $39.50 on its label to the price marking $33.75.

The name or mark "Beauty Sleep" used by the defendant on its mattress labels is sufficiently close in connotation with the mark "Beautyrest" used by the plaintiff to create probability of confusion in the minds of the purchasing public. The use by the defendant of price markings similar to those used by the plaintiff intensifies the possibility of confusion.

Another corporation styled Charles E. Fogg & Co., at Boston, Mass., up to the year 1928 used the name "Beauty Sleep" on some unknown percentage of mattresses manufactured and sold by said Fogg corporation, but said business was completely discontinued in the year 1928, and there was no successor to the good will of said business. The defendant did not derive any right of any kind from the said Fogg corporation. This Fogg corporation spent no money in advertising its mattresses under the name "Beauty Sleep," and so far as shown did not build up any substantial amount of good will in respect to its Beauty Sleep mattresses.

There is no evidence that the plaintiff in June, 1925, when it adopted the word "Beautyrest" as a trade-mark, had any knowledge of the use of the name or marking "Beauty Sleep" on mattresses by anybody else, and there is no evidence that the plaintiff adopted said mark except innocently and in good faith.

### Conclusions of Law.

1. The use of the marking "Beauty Sleep" on mattresses by the corporation styled Charles E. Fogg & Co. up to the year 1928, which was discontinued at that time, constitutes no defense to this suit; the determining factor being the situation which existed at the time when the defendant commenced the use of the marking "Beauty Sleep."

2. The use by the defendant of the marking "Beauty Sleep" on mattresses of its manufacture constitutes an infringement of plaintiff's rights in respect to the trade-mark "Beautyrest," which infringement plaintiff is entitled to have restrained by this court.

3. Defendant should deliver to the plaintiff or plaintiff's counsel any and all labels in its possession bearing the name "Beauty Sleep."

4. Defendant should be directed to cancel its registration of the mark "Beauty Sleep" effected on or about February 15, 1932, in the office of the secretary of the state of Rhode Island.

5. Plaintiff is entitled to an accounting of gains, profits, and savings realized by the defendant and the damages suffered by the plaintiff because of the defendant's infringements. Plaintiff is also entitled to its taxable costs in this suit.